UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO JOHNSON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-05-456 |
| | : | |
| RECORD OFFICE, ALLENWOOD PA , | : | |
| | : | (Judge Jones) |
| | : | |
| Respondent | : | |

## **MEMORANDUM AND ORDER**

April 25, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Alonzo Johnson ("Petitioner"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood") initiated this pro se habeas corpus action in the United States District Court for the District of Columbia. Named as Respondent is the "Record Office" at FCI-Allenwood.[1] (Rec. Doc. 1 at 1). On January 27, 2005, the Petition was transferred to this Court. Service of the Petition was thereafter ordered.

---

[1] Pursuant to 28 U.S.C. § 2242, FCI-Allenwood Warden Troy Williamson, the person who has custody over Johnson should be named as Respondent.

1

Petitioner states that he was placed in the District of Columbia jail on October 6, 2003. See id. ¶ 12(A). He was transferred into the custody of the Federal Bureau of Prisons ("BOP") on April 29, 2004. Johnson arrived at FCI-Allenwood on May 14, 2004. His Petition is apparently claiming entitlement to federal habeas corpus relief on the basis that his sentence has not been properly calculated by the BOP. Specifically, Petitioner asserts that time spent in custody prior to his transfer to the BOP should be credited towards service of his "present fed sentence." Id. at (B).

As relief, Johnson is presumably requesting that he be afforded credit against his federal sentence for his pre-BOP confinement from October 6, 2003 to April 29, 2004.

**DISCUSSION**

The Respondent argues that Johnson's action should be dismissed as moot because he has already been given the sentence credit which he requests in his present Petition. Alternatively, it is argued that the Petitioner has failed to exhaust his available administrative remedies.

In support of its mootness argument, the Respondent has submitted a declaration under penalty of perjury by Joseph McCluskey, who identifies himself as being a Senior Attorney at FCI-Allenwood. See  doc. 9, Exhibit 1. McCluskey acknowledges that Johnson was arrested pursuant to a parole violation warrant on or

about October 6, 2003.  Thereafter, the United States Parole Commission revoked Johnson's parole and he was transferred into BOP custody on or about April 2, 2003. McCluskey avers that;

> "Petitioner's sentencing computation was updated on February 15, 2005 by the Bureau's District of Columbia's records center.  This computation reflects that Petitioner's term of 1169 days began October 6, 2003."

Id. at ¶ 5.  McCluskey's version is bolstered by a copy of Petitioner's BOP Sentence Monitoring Computation Data report of March 28, 2005.  See id. at Attachment A.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a 'personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  Lewis, 494 U.S. at 477.

A habeas petitioner like Johnson who challenges the calculation of his sentence always satisfies the case or controversy requirement by the mere fact of his incarceration.  The existing incarceration constitutes the injury, and is redressable by directing prison officials to correctly compute his sentence.  However, in a case like

3

the present, where the requested recalculation of his sentence has been undertaken by correctional officials, ". . . some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 983 (1998).[2]

Petitioner's present action solely maintains that his sentence has been improperly calculated because he was not given credit for time served prior to his transfer into BOP custody.  As relief, it is apparent that Johnson seeks only a recalculation of his sentence.  The undisputed record establishes that on February 15, 2005, the BOP's District of Columbia Records Center updated Petitioner's present sentence to reflect that he began service of his present federal sentence on October 6, 2003.

Based on the rationale set forth by the Supreme Court in Spencer, in order for Johnson to maintain this action, continuing collateral consequences must exist or be presumed.  Id., 118 S. Ct. at 983.  It has been held that most criminal convictions do involve adverse collateral legal consequences.  See Sibron v. New York, 392 U.S. 40, 55 (1968); Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).  However, the same presumption of collateral consequences has been found not to extend to the situation

---

[2] In Spencer, an attack to a parole revocation by a prisoner who had gained his release was deemed to lack any collateral consequences.

of requests for jail time credit.  See Johnson v. Riveland, 855 F.2d 1477 (10th Cir. 1988) (a challenge to the denial of credit against a minimum term of confinement which determined an initial parole eligibility date became moot when the petitioner was paroled).

Petitioner has failed to assert or demonstrate any collateral consequences which may be attributable to his instant claim of improper sentence calculation.  As such, under the principles set forth in Spencer and Johnson, the BOP's undisputed recent recalculation of Johnson's sentence to reflect that it began on October 6, 2003 has caused his instant petition to become moot since it no longer presents an existing case or controversy. Consequently,

**IT IS HEREBY ORDERED:**

> 1. The Petition for Writ of Habeas Corpus (Rec. Doc. 1) is DISMISSED as moot.
>
> 2. The Clerk of Court is directed to close the case.
>
> 3. Based on the Court's decision herein, there is no basis for the issuance of a certificate of appealability.

s/ John E. Jones III
JOHN E. JONES III

United States District Judge